UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| PETER C. DEGENNARO, | ) | |
| Petitioner, | ) | |
| v. | ) | Civil Action No. |
| EDWARD J. DOLAN and MAURA HEALEY, | ) | 18-10960-FDS |
| Respondents. | ) | |

# MEMORANDUM AND ORDER
# ON PETITION FOR HABEAS CORPUS

**SAYLOR, J.**

This is an action by a former state prisoner, now on probation, seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner Peter C. DeGennaro was convicted in Middlesex County Superior Court on five counts of fiduciary embezzlement under Mass. Gen. Laws ch. 266, § 57. The Massachusetts Appeals Court affirmed his conviction and the Supreme Judicial Court then denied his application for leave to obtain further appellate review ("ALOFAR").

DeGennaro contends that his conviction was obtained in violation of his constitutional right to due process. Respondents Edward J. Dolan, the Commissioner of Probation, and Maura Healey, the Attorney General, have moved to dismiss the petition, contending that the single claim raised in the petition was not exhausted in the state courts. For the following reasons, the motion to dismiss will be granted.

I.   **Background**

   A.   **Factual Background**

Peter DeGennaro and a co-defendant, Charlene Connors, were engaged in the construction and improvement of residential homes through various business entities. *Commonwealth v. DeGennaro*, 84 Mass. App. Ct. 420, 421 (2013). DeGennaro held himself out as the president and manager of three companies associated with such projects. *Id.* at 422. Connors served as the bookkeeper for all three companies, as well as the co-manager of one and a signatory for the bank accounts of the other two. *Id.*

The transactions that gave rise to the conviction involved arrangements with two different home purchasers. *See id.* at 422-25. Each customer provided a deposit check to DeGennaro to go toward the construction of a new home, as well as additional advance payments pursuant to purchase and sale agreements presented to the purchasers by DeGennaro. *See id.* The purchase and sale agreements indicated that the payments would be held in escrow. *See id.*

Rather than placing the money into a certified escrow account, DeGennaro deposited the checks into checking accounts maintained by two of his three business entities. *See id.* Connors had access to both accounts, and evidence established that she managed the finances and paperwork of DeGennaro's multiple entities. *See id.* at 424, 434. During the period that construction was supposed to be taking place, DeGennaro and Connors depleted the two accounts by writing multiple checks payable to "themselves, 'cash,' other business entities, and other individuals." *Id.* at 424. In both cases, the promised construction was never performed and the deposits were not returned. *See id.*

   B.   **State Court Proceedings**

On June 17, 2010, a Superior Court jury found both DeGennaro and Connors guilty of

five counts of fiduciary embezzlement under Mass. Gen. Laws ch. 266, § 57, one for each of the deposits received from the home purchasers. *See id.* at 425.

In March 2013, DeGennaro appealed his conviction to the Massachusetts Appeals Court. *See Commonwealth v. DeGennaro*, 84 Mass. App. Ct. 420 (2013). His appeal raised six claims. Two of the claims are relevant here; he claimed (1) that the purchase and sale agreements between him and the would be home buyers did not create a "trustee" relationship within the meaning of Mass. Gen. Laws ch. 266, § 57, Appx. 43-49; and (2) that the jury instructions mistakenly blurred the roles of an agent, fiduciary, and trustee for purposes of Mass. Gen. Laws ch. 266, § 57, Appx. 49-54, 59-61. His brief discussing those claims did not argue that his due-process rights had been violated, and indeed did not use the term "due process."

The Appeals Court affirmed the conviction. 84 Mass. App. Ct. at 420. DeGennaro then applied for leave to obtain further appellate review from the SJC, raising those two claims and one other (not relevant here). Appx. 178-88. As to the claim regarding the jury instructions, he added the additional assertion—not raised before the Appeals Court—that the instructions violated due process because they "conflated fact and law, lessening the Commonwealth's burden of proof, usurping the jury's fact finding function, and rendering the specific statutory language superfluous." Appx. 180. The SJC denied the ALOFAR. *Commonwealth v. DeGennaro*, 466 Mass. 1111; Appx. 166.

DeGennaro then filed a motion for a new trial in the Superior Court. That motion contended that his appellate counsel rendered constitutionally ineffective assistance because she failed to argue on direct appeal that an "unanticipated" or novel construction of the fiduciary embezzlement statute would violate his right to due process. Appx. 308. That motion was denied. He then appealed to the Appeals Court and advanced the same claim. Appx. 208-52.

3

The Appeals Court affirmed, noting that such an argument would have failed on the merits if counsel had raised it. Appx. 348-49. The court pointed out that its interpretation of Mass. Gen. Laws ch. 266, § 57, "was based on the plain language of the statute, the ordinary, reasonable usage of the concept and term of an escrow agent, and a layperson's most common understanding of the escrow function." Appx. 349. The SJC denied further review. *Commonwealth v. DeGennaro*, 479 Mass. 1101 (2018).

### C. The Petition for Habeas Corpus

DeGennaro filed the present petition on May 14, 2018. The petition asserts a single ground: "Did the Commonwealth violate my due process rights when it constructed [sic] the trustee embezzlement statute in a novel manner to equate escrow agents as trustees of an express trust?"

On July 6, 2018, the Commonwealth moved to dismiss the petition on the grounds that DeGennaro had not exhausted his state-law remedies as to that claim.

## II. Analysis

Before applying for a writ of habeas corpus, a petitioner must exhaust his available remedies in state court. 28 U.S.C. § 2254(b)(1)(A). Specifically, the petitioner must demonstrate that he has "exhausted his state remedies by having first presented the federal constitutional issue to the state courts for their decision." *Goodrich v. Hall*, 448 F.3d 45, 47 (1st Cir. 2006). Because petitioner has not raised the due-process claim he raises here in any state court, it is not exhausted and thus is not reviewable in federal court.

In his motion for a new trial in state court, and in his appeal of the denial of that motion, petitioner contended that his attorney had rendered constitutionally ineffective assistance by failing to argue (on direct appeal) that the court's interpretation of the embezzlement statute was

4

so novel as to violate his right to due process. That claim, like all ineffective assistance claims, was grounded in the Sixth Amendment.

By contrast, the sole claim petitioner raises here—that the state court's interpretation of the embezzlement statute was so novel as to violate his right to due process—is grounded in the Fourteenth Amendment. While it is true that the ineffective assistance claim was based on his attorney's failure to raise the same claim that petitioner now brings himself, the relationship between the two claims is not determinative of whether the due-process claim has been exhausted. As courts have consistently held in a variety of contexts, "presenting a claim for ineffective assistance of [] counsel for failure to raise a constitutional claim . . . [does] not serve to exhaust the underlying claim for purposes of federal habeas review." *Russi v. Rozum*, 2007 WL 1876533, at *3 (E.D. Pa. June 27, 2007); *see also, e.g.*, *White v. Mitchell*, 431 F.3d 517 (6th Cir. 2005) (holding that the exhaustion of a petitioner's claim that his counsel had been ineffective in failing to make a *Batson* challenge did not serve to exhaust the underlying *Batson* challenge); *Wilder v. Cockrell*, 274 F.3d 255 (5th Cir. 2001) (same for ineffective assistance claim concerning an attorney's failure to make a *Chambers* challenge). Accordingly, the due-process claim raised by petitioner here is not exhausted.

Because the petition raises only an unexhausted claim, and because petitioner has neither requested a stay nor demonstrated good cause for his failure to exhaust his state remedies, the Court will dismiss the petition. *See Rhines v. Weber*, 544 U.S. 269, 278 (2005).

### III. Conclusion

For the foregoing reasons, the motion of respondents to dismiss the petition for failure to

exhaust state-court remedies is GRANTED.

**So Ordered.**

                                                                    /s/ F. Dennis Saylor IV
                                                                    F. Dennis Saylor IV
Dated: December 4, 2018                    United States District Judge